# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF INDIANA

HENRY ANTHONY,  )
 )
        Petitioner,  )
 )
vs.  )  2:09-cv-331-WTL-MJD
 )
MARK R. SEVIER,  )
 )
        Respondent.[1]  )

### Entry Discussing Petition for Writ of Habeas Corpus and Denying Certificate of Appealability

**I.**

Henry Anthony ("Anthony") seeks habeas corpus relief with respect to his 1999 murder conviction. Having considered Anthony's petition, the respondent's return to order to show cause, Anthony's reply, and the expanded record, the court finds that Anthony's habeas petition must be **denied** and this action **dismissed with prejudice.** In addition, the court finds that a certificate of appealability should not issue.

**A. Background**

The pleadings and the expanded record establish the following:

1. Anthony's two-day trial commenced on May 17, 1999. The jury found Anthony guilty of murder as charged. Anthony was then sentenced on June 16, 1999, to a term of 48 years.

2. Anthony's conviction and sentence were affirmed in his *Davis/Hatton* appeal in *Anthony v. State,* No. 49A02-308-PC-668 (Ind.Ct.App. March 2, 2004) (*Anthony I*). The post-conviction court's grant of Anthony's successive petition for

---

[1] The petitioner's current custodian, named in his official capacity only, is **substituted** as the respondent.

post-conviction relief as to appellate and post-conviction counsel ineffectiveness was reversed in *Anthony v. State*, No. 49A02-0808-PC-709 (Ind.Ct.App. Feb. 27, 2009) (*Anthony II*).

3. The circumstances surrounding Anthony's prosecution were summarized by the Indiana Court of Appeals in Anthony's *Davis/Hatton* appeal:[2]

> On October 31, 1998, Anthony went to a dance hosted by the Naptown Riders Motorcycle Club at a bingo hall in Indianapolis. At some point that night, Anthony had a confrontation with Raymond Martin outside of the hall. Martin drew his 9mm handgun, which he was known to carry. Kevin Chaney, a member of Martin's motorcycle club called the Mobile Ground Shakers, took the gun from Martin and convinced him to leave the dance. Chaney gave the gun back to Martin before they drove to another motorcycle club, the Black Angels. After about twenty minutes at the Black Angels, the pair drove in separate vehicles to another motorcycle club called the Road Kill. They parked their vehicles, and Martin started toward the club as Chaney remained to talk with another individual. At the same time, around 4:15 a.m., Anthony stood outside of the Road Kill talking with several people. Martin approached Anthony, smiled, threw his cigar to the ground, and pulled his coat to the side to display his handgun. Anthony knocked Martin to the ground, where Anthony and Richard Lay proceeded to kick and hit Martin about the head and body. Anthony's father, James Anthony (James), pulled Anthony off of Martin. As Martin staggered to his feet, Martin pulled out his gun and fire twice, once in the air, and repeatedly told everyone to keep back. Martin pointed the gun downward as he tried to stagger away, but James eventually convinced Martin to hand over the gun. After Martin surrendered the gun, Anthony shot Martin with a .45 caliber handgun owned by his father, James. Thereafter, James threw Martin's handgun under Martin's nearby vehicle and waited for the police. Anthony and Lay, however, left the scene with several others.

> During the above encounter, several individuals came running up to Chaney in the parking lot and told him that one of his club brother's was being attacked. As Chaney ran toward the commotion, he heard two consecutive gunshots and after a pause, possibly a third shot. He broke through the crowd to see Martin lying on the ground with three or four people standing near him, one of whom was kicking Martin

---

[2] A federal court evaluating the sufficiency of evidence supporting a conviction must construe that evidence in the light most favorable to the State. *McFowler v. Jaimet,* 349 F.3d 436, 446 (7th Cir. 2003). Factual determinations made by a state court are presumed correct unless later rebutted by clear and convincing evidence. *See Gonzales v. Mize,* 565 F.3d 373, 379 (7th Cir. 2009). No such showing has been made here.

> in the head. People ran away as Chaney tried to comfort Martin, who was lying in the street gasping for air. The police arrived soon thereafter. Martin was transported to the hospital, where he was pronounced dead around 5:30 a.m. Martin died of a gunshot wound to his chest.
>
> Anthony's two-day jury trial commenced on May 17, 1999. The primary eyewitness against Anthony was James Jones. Jones testified that, upon the urging of another individual, he came out of the Road Kill in time to hear James tell Martin to give up the gun. Jones further testified that Martin was Abeat up and staggering.@ *Record* at 227. After Martin surrendered the gun to James, Jones testified that he observed Anthony shoot Martin. Jones also saw James throw a gun under Martin's vehicle after the shooting. Jones was the only witness to testify that he saw Anthony shoot Martin. While James testified that his son, as well as Lay, did beat Martin before and after the gun was taken from Martin, James implied that Martin shot himself in the chest prior to the second round of fighting. James also testified that his .45 caliber handgun never left his possession that evening and was not fired by anyone, despite forensic evidence to the contrary. The jury convicted Anthony of murder as charged.

*Anthony I*, at pp. 2-3.

4. In his *Davis/Hatton* appeal, Anthony presented a direct appeal claim of insufficiency of the evidence and a post-conviction claim of ineffective assistance of counsel. In Anthony's original petition for post-conviction relief, he argued that (a) trial counsel provided ineffective assistance, (b) the State withheld exculpatory evidence in violation of *Brady v. Maryland*, 373 U.S. 83 (1963), and (c) newly discovered evidence existed. In a successive petition for post-conviction relief Anthony presented claims based on *Blakely v. Washington*, the ineffective assistance of appellate counsel, and the ineffective assistance of post-conviction counsel. The trial court granted Anthony=s successive petition for post-conviction relief, finding that the trial attorney Hillary Bowe Ricks was ineffective both on appeal and at post-conviction. On February 27, 2009, the Indiana Court of Appeals reversed the post-conviction court=s grant of relief, finding that Ricks had not been ineffective as appellate or post-conviction counsel. Anthony=s petition for transfer was denied on May 7, 2009.

5. Anthony filed his petition for a writ of habeas corpus in this court on October 8, 2009, and supplemented his petition on December 2, 2009.

**B. Anthony=s Habeas Claims**

Anthony now challenges the sufficiency of the evidence. He also claims that he was denied the effective assistance of counsel at trial and on appeal, that the state

suppressed exculpatory evidence in violation of *Brady,* and that trial counsel represented him when there was a conflict of interest.

**C. Applicable Law**

Anthony seeks relief pursuant to 28 U.S.C. ' 2254(a). The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub.L. No. 104–132, 110 Stat. 1214, became effective on April 24, 1996, and governs the habeas petition in this case because Anthony filed his petition after the AEDPA's effective date. Under the AEDPA, a federal court may not grant habeas relief unless the state court's adjudication of the claim resulted in a decision that (1) was "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States" or (2) was "based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d)(1)-(2).

Based on the above standard, federal habeas relief is barred for any claim adjudicated on the merits in state court, "unless one of the exceptions listed in 28 U.S.C. § 2254(d) obtains." *Premo v. Moore,* 131 S. Ct. 733, 739 (2011). Under the "contrary to" clause, a federal court may issue a writ of habeas corpus if the state court applied a rule that "contradicts the governing law" set forth by the Supreme Court or if the state court reached a different outcome based on facts "materially indistinguishable" from those previously before the Supreme Court. *Williams v. Taylor,* 529 U.S. 362, 405-06 (2000); *see also Calloway v. Montgomery,* 512 F.3d 940, 943 (7th Cir. 2008). Under the "unreasonable application" clause, a petitioner must show that the state court's decision unreasonably extended a rule to a context where it should not have applied or unreasonably refused to extend a rule to a context where it should have applied. *Virsnieks v. Smith,* 521 F.3d 707, 713 (7th Cir. 2008) (citing *Jackson v. Miller,* 260 F.3d 769, 774 (7th Cir. 2001)).

A petitioner's challenge to a state court decision based on a factual determination under § 2254(d)(2) will not succeed unless the state court committed an "unreasonable error," and § 2254(e)(1) provides the mechanism for proving unreasonableness. *See Ward v. Sternes,* 334 F.3d 696, 703–04 (7th Cir. 2003). "A state court decision that rests upon a determination of fact that lies against the clear weight of the evidence is, by definition, a decision 'so inadequately supported by the record' as to be arbitrary and therefore objectively unreasonable." *Id.* at 704 (quoting *Hall v. Washington,* 106 F.3d 742, 749 (7th Cir. 1997)).

In summary: "A state court's determination that a claim lacks merit precludes federal habeas relief so long as 'fairminded jurists could disagree' on the correctness of the state court's decision." *Harrington v. Richter*, 131 S. Ct. 770, 786 (2011) (quoting *Yarborough v. Alvarado*, 541 U.S. 652, 664 (2004)). "If this standard is difficult to meet, that is because it was meant to be." *Id.*

## D. Sufficiency of the Evidence

A federal court evaluating the sufficiency of evidence supporting a conviction must construe that evidence in the light most favorable to the State and determine whether any rational trier of fact could have found the elements of the crime beyond a reasonable doubt. *McFowler v. Jaimet,* 349 F.3d 436, 446 (7th Cir. 2003) (citing *Jackson v. Virginia,* 443 U.S. 307, 319 (1979)). The relevant inquiry for a federal habeas court reviewing a sufficiency of evidence claim is Awhether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.@ *Jackson,* 443 U.S. at 319; *Brumley v. Detella,* 83 F.3d 856, 862 (7th Cir. 1996). A petitioner is only Aentitled to habeas corpus relief if it is found that upon the record evidence adduced at the trial no rational trier of fact could have found proof of guilt beyond a reasonable doubt.@ *Cabrera v. Hinsley,* 324 F.3d 527, 533 (7th Cir. 2003) (citing *Jackson,* 443 U.S. at 324). Under the AEDPA, federal review of a challenge to the sufficiency of the evidence "turns on whether the state court provided fair process and engaged in reasoned, good-faith decision-making when applying *Jackson's* 'no rational trier of fact' test." *Gomez v. Acevedo,* 106 F.3d 192, 199 (7th Cir. 1997), *vacated on other grounds, Gomez v. DeTella,* 522 U.S. 801 (1997).

Anthony argues that there was insufficient evidence to support his conviction. His specific contentions are that Jones was the only witness to testify that Anthony shot the victim and that Jones' testimony was not believable. The Indiana Court of Appeals disagreed, finding: ANothing in the record shows that Jones=s testimony was coerced, and Anthony points to no contradictions of equivocation in Jones=s trial testimony.@ *Anthony I* at p. 5. Furthermore, AJones steadfastly stood by his trial testimony. Therefore, it was within the jury=s province to judge his credibility and weigh his testimony against conflicting evidence at trial.@ *Id.* at pp. 5-6 (citation omitted). The Indiana Court of Appeals then concluded:

> Despite the alleged weaknesses in Jones=s testimony, the jury found Anthony guilty of murder. We reject Anthony=s invitation for us to judge Jones=s credibility and to reweigh the evidence. Based upon the evidence presented at trial, a reasonable trier of fact could have found the defendant guilty beyond a reasonable doubt.

*Id.* at p. 7. The Indiana Court of Appeals= discussion of the evidence recognized the *Jackson* standard and provided Anthony and the State of Indiana with fair process and constituted reasoned, good-faith decision-making when applying *Jackson's* Ano rational trier of fact@ test. This determination that, viewing the evidence in the light most favorable to the prosecution, a rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt did not run afoul of the AEDPA standard as expressed in 28 U.S.C. ' 2254(d)(1). Hence, Anthony is not entitled to relief based on this claim.

### E. Conflict of Interest

Anthony also claims that a conflict existed during his trial counsel's representation of him. Anthony failed to raise this issue on appeal from his first post-conviction proceeding, and therefore, this claim is procedurally barred from review by this court. "Out of respect for finality, comity, and the orderly administration of justice, a federal court will not entertain a procedurally defaulted constitutional claim in a petition for habeas corpus absent a showing of cause and prejudice to excuse the default." *Dretke v. Haley,* 124 S. Ct. 1847, 1849 (2004). If a petitioner neglects to properly present a claim to the state's highest court, the claim is procedurally defaulted and barred from district court consideration. *O'Sullivan v. Boerckel,* 526 U.S. 838, 848 (1999); *Moffat v. Boyles,* 288 F.3d 978, 982 (7th Cir. 2002); *Wilson v. Briley,* 243 F.3d 325, 327 (7th Cir. 2001). That is the case with respect to Anthony's conflict of interest claim for the reasons just described. Furthermore, the Indiana Court of Appeals limited the claims available in Anthony's authorized successive petition for post-conviction relief. A claim of attorney conflict of interest was not an authorized claim.

When procedural default has occurred, it can be overcome if a habeas petitioner "can demonstrate either (a) cause for the default and prejudice (i.e., the errors worked to the petitioner's '*actual* and substantial disadvantage,'); or (b) that failure to consider his claim would result in a fundamental miscarriage of justice (*i.e.*, a claim of actual innocence)." *Conner v. McBride,* 375 F.3d 643, 648 (7th Cir. July 20, 2004)(internal citations omitted). Anthony has not shown these circumstances here. He is not entitled to habeas corpus relief based on this claim, or even to review of the merits of this claim.

### F. Ineffective Assistance of Trial Counsel

Anthony also claims that he was denied the effective assistance of trial counsel. The Sixth Amendment guarantees a criminal accused the right to assistance of counsel, and "the right to counsel is the right to the effective assistance of counsel." *McMann v. Richardson*, 397 U.S. 759, 771 n.14 (1970). The Sixth Amendment right to counsel exists "in order to protect the fundamental right to a fair trial." *Strickland v. Washington,* 466 U.S. 668, 684 (1984). "The benchmark for judging any claim of ineffectiveness must be whether counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result." *Id.* at 686. For a petitioner to establish that "counsel's assistance was so defective as to require reversal" of a conviction or a sentence, he must make two showings: (1) deficient performance that (2) prejudiced his defense. *Id.* at 687.

With respect to the first prong, "[t]he proper measure of attorney performance remains simply reasonableness under prevailing professional norms." *Wiggins v. Smith,* 539 U.S. 510, 521 (2003) (quoting *Strickland,* 466 U.S. at 688). In determining whether counsel's performance was constitutionally deficient, the Court's review of counsel's performance is "highly deferential," and the petitioner "must overcome the

presumption that, under the circumstances, the challenged action might be considered sound trial strategy." *Davis v. Lambert,* 388 F.3d 1052, 1059 (7th Cir. 2004). With respect to the prejudice requirement, the petitioner must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Strickland,* 466 U.S. at 694; *see also Benefiel v. Davis,* 357 F.3d 655, 661 (7th Cir. 2004).

The foregoing outlines the straightforward features of *Strickland*=s two-prong test. In the context of a case such as Anthony presents, however, the AEDPA raises the bar. "The standards created by *Strickland* and § 2254(d) are both 'highly deferential,' and when the two apply in tandem, review is 'doubly' so." *Harrington v. Richter*, 131 S. Ct. 770, 788 (2011) (internal and end citations omitted). "When § 2254(d) applies, the question is not whether counsel's actions were reasonable. The question is whether there is any reasonable argument that counsel satisfied *Strickland's* deferential standard." *Id.; see also Kerr v. Thurmer*, 639 F.3d 315, 318-19 (7th Cir. 2011).

Anthony contends that his trial counsel was ineffective in failing to: (1) call three witnesses Anthony claims would have exonerated him; (2) discover a supplemental police report indicating that an anonymous witness said James Anthony, Anthony=s father, shot Martin; (3) impeach the sole witness to the crime, James Jones, with his pre-trial deposition; and (4) object to a reference to a polygraph exam and move for a mistrial.

*Discovery of a supplemental police report, impeaching James Jones and objection to a reference to a polygraph exam/ motion for a mistrial.* Anthony claims that counsel was ineffective for failing to: (1) discover a supplemental police report indicating that an anonymous witness said James Anthony, Anthony=s father, shot Martin; (2) impeach the sole witness to the crime, James Jones, with his pre-trial deposition; and (3) object to a reference to a polygraph exam and move for a mistrial. Anthony did not raise these claims on appeal from his first petition for post-conviction review and consequently, procedurally defaulted as to these claims.

In addition, in granting Anthony permission to file a successive petition for post-conviction relief, the Indiana Court of Appeals specifically stated that any claim that Anthony received ineffective assistance of trial counsel that was not raised in Anthony=s previous appeal was waived. This waiver constitutes procedural default. *Resnover v. Pearson,* 965 F.2d 1453, 1458 (7th Cir. 1992)(procedural default "occurs when a claim could have been but was not presented to the state court and cannot, at the time that the federal court reviews the habeas petition, be presented to the state court"); see also *Dellinger v. Bowen,* 301 F.3d 758, 764 (7th Cir. 2002). In turn, this finding of procedural default limits the availability of federal relief. *See Conner v. McBride,* 375 F.3d at 649 (internal citations omitted). Here, Anthony does not overcome the procedural hurdle in the finding of waiver, and therefore, he is not entitled to relief on this claim.

*Calling Additional Witnesses.* Anthony's only ineffective assistance of trial counsel claim that is preserved is that his trial counsel was ineffective for failing to call witnesses. The Indiana Court of Appeals reviewed Anthony's claim and properly identified the *Strickland* standard. *Anthony I,* at p. 8. The Indiana Court of Appeals addressed Anthony's claim and explained:

> Here, the PCR court found that Anthony's private counsel, Kenneth Kern, conducted an adequate investigation by visiting the crime scene, visiting Anthony in jail, and interviewing numerous witnesses from the crime scene. Other than Jones, Kern could not locate any witnesses who admitted that they saw who fired the deadly shot. While Kern testified at the PCR hearing that he interviewed the three individuals mentioned by Anthony, he explained that none of them would have been a beneficial witness. The PCR court also noted in its order that Richard Lay's testimony at the PCR hearing was inconsistent with Henderson's and each of the three witnesses had personal connections to Anthony and their trial testimony would have been subject to impeachment.
>
> Contrary to Anthony's assertion on appeal, the testimony of Henderson and the Lays at the PCR hearing by no means establishes that their testimony "would have resulted in an acquittal" by "affirmatively exonerating Anthony." *Appellant's Brief* at 17.

*Anthony I*, at p. 9.

The Indiana Court of Appeals did not apply this standard in a manner contrary to the holdings of the United States Supreme Court, nor did its analysis constitute an objectively unreasonable application of *Strickland's* standard requiring both deficient performance and prejudice. There was no deficient performance of counsel under these circumstances. It has been noted that "only a clear error in applying *Strickland's* standard would support a writ of habeas corpus." *Holman v. Gilmore,* 126 F.3d 876, 882 (7th Cir. 1997). While such errors do occur, *e,g., Brown v. Sternes,* 304 F.3d 677 (7th Cir. 2002); *Roche v. Davis*, 291 F.3d 473, 483-84 (7th Cir. 2002), no such error occurred in Anthony's case. Because this court cannot find that the Indiana Court of Appeals "unreasonably applie[d] [the *Strickland* standard] to the facts of the case," Anthony's claims of ineffective assistance of trial counsel do not support the award of habeas corpus relief. *Murrell* at 1111-12 (citing *Bell v. Cone,* 535 U.S. 685, 694 (2002)).

### G. Ineffective Assistance of Appellate Counsel

Anthony claims that attorney Hillary Bowe Ricks was ineffective in her representation of Anthony on appeal for failing to: (1) pursue Anthony's claim that trial counsel had a conflict of interest; (2) investigate or present evidence in support of a *Brady* claim; and (3) argue on direct appeal that trial counsel was ineffective when he did not object to a reference to a polygraph examination.

The standard for judging a claim of ineffective assistance of counsel is the same for both trial and appellate lawyers. *Matire v. Wainwright*, 811 F.2d 1430, 1435 (11th Cir.1987). An appellate counsel's performance is deficient if he or she fails to argue an issue that is both obvious and clearly stronger than the issues raised. *Lee v. Davis*, 328 F.3d 896, 900B01 (7th Cir.2003). To establish the *Strickland* prejudice prong, a defendant must show that there is a reasonable probability that appellate counsel's failure to raise an issue would have resulted in the reversal of his conviction or an order for a new trial. Id., at 901 (for a claim to support relief, it must be reasonable probability that issue not raised would have altered outcome of appeal). Where a defendant claims that counsel failed to raise the correct issues on appeal, the question is whether appellate counsel failed to raise a significant and obvious issue without a legitimate strategic purpose. *Franklin v. Gilmore*, 188 F.3d 877, 884 (7th Cir.1999). Thus, the court has examined the Atrial court record to determine whether appellate counsel failed to present significant and obvious issues on appeal. Significant issues which could have been raised should then be compared to those which were raised. Generally, only when ignored issues are clearly stronger than those presented, will the presumption of effective assistance of counsel be overcome.@ *Mason v. Hanks*, 97 F.3d 887, 893 (7th Cir. 1996).

Ricks raised these trial counsel ineffectiveness claims in Anthony=s *Davis/Hatton* petition for post-conviction relief. However, a claim of error during the post-conviction action itself does not support federal habeas corpus relief. "Infirmities in the state's post-conviction remedy procedure cannot serve as a basis for setting aside a valid original conviction. . . . Errors or defects in the state post-conviction proceeding do not, *ipso facto,* render a prisoner's detention unlawful or raise constitutional questions cognizable in habeas corpus proceedings." *Williams v. State,* 640 F.2d 140, 143-44 (8th Cir.), *cert. denied,* 451 U.S. 990 (1981). These claims, therefore, will not support the award of federal habeas corpus relief.

Even if such claims could be a basis for federal habeas relief, as to Anthony=s ineffective assistance claims regarding the polygraph examination and *Brady* violation, the Indiana Court of Appeals considered these claims and reasonably applied clearly established federal law as to these claims.

Specifically, Anthony claims that Ricks was ineffective in not arguing on direct appeal trial counsel ineffectiveness for failing to object to a reference to a polygraph examination. Ricks argued Anthony=s claim regarding the polygraph in the first petition for post-conviction relief and the post-conviction court in applying *Strickland* in its Findings of Fact and Conclusions of Law Denying Post-Conviction relief explained that, A[t]o the extent that this claim can be said to apply to the admission of evidence that Petitioner offered to take a polygraph examination, the Court finds that Petitioner is not entitled to relief because he can show no prejudice.@

Anthony claims that Ricks was also ineffective on appeal in failing to raise trial counsel=s failure to investigate a violation under *Brady v. Maryland*, 373 U.S. 83

(1963). As to this ineffectiveness claim, the Indiana Court of Appeals reviewed Anthony=s claim regarding Ricks' ineffectiveness in raising the *Brady* claim on appeal and determined that:

> Here, evidence was presented at Anthony's successive post-conviction hearing that James, Anthony's father, was charged with perjury and obstruction of justice in connection with Anthony's murder case while it was pending and that these charges against James were subsequently dismissed prior to James testifying for the State in Anthony's trial. At the time of the hearing, both the prosecutor's file and the clerk's file regarding these charges had been destroyed. Additionally, testimony was given that an unknown caller had called the police during the investigation of this murder and stated that the caller had spoken with an eyewitness of the murder and that James had actually been the shooter. None of this evidence was given by the State to the defense prior to trial. Although Ricks raised the issue of a *Brady* violation in Anthony's original petition for post-conviction relief, she did not present any evidence on the issue at the original hearing because she had not found anything. She likewise did not raise the issue on appeal.
>
> The above evidence regarding James was speculative as to his involvement in the murder. No evidence was presented as to why he was charged with perjury and obstruction of justice, whether it was because he initially lied to the police about Anthony's involvement in the shooting and hid the gun or whether the charges would implicate James in the murder at all. Further, the evidence regarding the unknown caller who implicated James as the shooter was never substantiated or verified by the police. Although the above evidence was not disclosed to the defense, Anthony has not established that, had the evidence been disclosed, the result of the proceeding would have been different. Therefore, he failed to demonstrate that he was prejudiced by the failure to raise a *Brady* violation issue on his direct appeal. The post-conviction court erred in finding that Anthony received ineffective assistance of his appellate counsel.

*Anthony II*, at pp. 7-8.

This was a reasonable application of *Strickland* to the circumstances of the case, and is wholly in accord with the principle that "[i]t is not deficient performance to fail to raise an argument with no real chance of success." *Hough v. Anderson,* 272 F.3d 878, 898 n.8 (7th Cir. 2001). Because "only a clear error in applying *Strickland's* standard would support a writ of habeas corpus," *Holman v. Gilmore,* 126 F.3d 876, 882 (7th Cir. 1997) (citations omitted), and because no such clear errorBand no error at all--occurred in *Anthony II,* Anthony is not entitled to federal habeas relief based on this specification of ineffective assistance of counsel.

## H. Brady Claim

Under *Brady*, the government has an obligation to disclose favorable evidence that is material to the case. "There are three components of a true *Brady* violation: The evidence at issue must be favorable to the accused, either because it is exculpatory, or because it is impeaching; that evidence must have been suppressed by the State, either willfully or inadvertently; and prejudice must have ensued." *Strickler v. Greene,* 527 U.S. 263, 281-82 (1999). "Evidence is material if there exists a reasonable probability that its disclosure to the defense would have changed the result of the trial." *United States v. Bland,* 517 F.3d 930, 933-34 (7th Cir. 2008).

Here, the Indiana Court of Appeals in authorizing Anthony to file a successive petition for post-conviction relief, limited the issues Anthony was permitted to raise and stated that he was prohibited from raising any issue regarding prosecutor misconduct as that issue was waived. The independent and adequate state ground doctrine "applies to bar federal habeas when a state court declined to address a prisoner's federal claims *because the prisoner had failed to meet a state procedural requirement.*" *Coleman v. Thompson,* 501 U.S. 722, 729-30 (1991) (emphasis added).

> A state is entitled to treat as forfeited a proposition that was not presented in the right court, in the right way, and at the right time--as state rules define those courts, ways, and times. Failure to comply with the state's procedural rules furnishes an independent and adequate state ground of decision that blocks federal collateral review.

*Szabo v. Walls,* 313 F.3d 392, 395 (7th Cir. 2003) (citing cases); *Moore v. Bryant,* 295 F.3d 771, 774 (7th Cir. 2002) ("A federal court will not review a question of federal law decided by a state court if the decision of the state court rests on a state procedural ground that is independent of the federal question and adequate to support the judgment.")

## I. Conclusion

Anthony's conviction withstood challenge in the Indiana courts, and thus a presumption of constitutional regularity attaches to it. *See Farmer v. Litscher,* 303 F.3d 840, 845 (7th Cir. 2002) (citing *Parke v. Raley,* 506 U.S. 20, 29-30 (1992)); *Milone v. Camp,* 22 F.3d 693, 698-99 (7th Cir. 1994) ("Federal courts can grant habeas relief only when there is a violation of federal statutory or constitutional law").[3] As the foregoing discussion demonstrates, this court's view is that he received all that the Constitution requires.

---

[3] Obviously, this is not a presumption related to the AEDPA, but is "the 'presumption of regularity' that attaches to final judgments, even when the question is waiver of constitutional rights." *Parke V. Raley,* 506 U.S. at 29 (citing *Johnson v. Zerbst,* 304 U.S. 458, 464, 468 (1938)).

> For a trial to be constitutionally sound requires . . . a trial where the prosecutor must prove all elements of a crime beyond a reasonable doubt in order to convict; where the prosecutor adheres to certain rules of conduct that guarantee a fair trial and a proper consideration of the defendant's theories and supporting evidence; where the jurors consider only evidence adduced by the parties and that a defendant has had an opportunity to rebut; and where a defendant enjoys the right to cross-examine adverse witnesses.

*Gall v. Parker,* 231 F.3d 265, 277-78 (6th Cir. 2000).

This court has carefully reviewed the state record in light of Anthony's claims and has given such consideration to those claims as the limited scope of its review in a habeas corpus proceeding permits. "A defendant whose position depends on anything other than a straightforward application of established rules cannot obtain a writ of habeas corpus." *Liegakos v. Cooke,* 106 F.3d 1381, 1388 (7th Cir. 1997). No such established rules entitle Anthony to relief in this case. Anthony's petition for a writ of habeas corpus is therefore **denied.** Judgment consistent with this Entry shall now issue.

## II.

Pursuant to Federal Rule of Appellate Procedure 22(b), Rule 11(a) of the Rules Governing ' 2254 proceedings, and 28 U.S.C. ' 2253(c), the court finds that Anthony has failed to show (1) that reasonable jurists would find this court's "assessment of the constitutional claims debatable or wrong," or (2) that reasonable jurists would find "it debatable whether the petition states a valid claim of the denial of a constitutional right" and "debatable whether [this court] was correct in its procedural ruling." *Slack v. McDaniel,* 529 U.S. 473, 484 (2000). The court therefore **denies** a certificate of appealability.

**IT IS SO ORDERED.**

Date: 01/06/2012

_____
Hon. William T. Lawrence, Judge
United States District Court
Southern District of Indiana